**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-09-334-M |
| | ) | |
| LESTER EUGENE LYTLE, III, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is defendant's Motion to Dismiss, filed December 9, 2009. On December 18, 2009, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

On February 3, 1993, in Pasco County District Court in Dade City, Florida, defendant pled nolo contendere to two counts of lewd and lascivious acts in the presence of a child. He was sentenced to four years in prison and twenty-two months probation. On September 15, 1995, defendant's probation was revoked, and he was sentenced to six years in prison. Defendant discharged his sentence on November 14, 1997.

On November 3, 2009, defendant was indicted for failure to register and update registration as a sex offender from on or about June 2008 through July 7, 2009, in violation of the Sex Offender Registration and Notification Act ("SORNA"). Defendant now moves to dismiss the Indictment on the following bases: (1) as a Tier I sex offender, defendant's federal obligation to register ended on February 3, 2008, and (2) defendant was not in Oklahoma from June 2008 through October 2008 and, thus, would not have had to register in Oklahoma even if he were under an obligation to register during that time.

SORNA provides, in pertinent part:

> The sex offender shall initially register –
>
> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>
> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

42 U.S.C. § 16913(b). Further, under SORNA, the full registration period for a Tier I sex offender is fifteen years.

Defendant contends that his federal obligation to register ended on February 3, 2008, fifteen years after the date of his original sentence. Defendant, however, was sentenced to a term of imprisonment. Therefore, the Court finds that defendant was required to initially register before completing his sentence of imprisonment, not within three business days after being sentenced as argued by defendant. It is undisputed that defendant discharged his sentence on November 14, 1997. The Court, thus, finds that defendant's federal obligation to register, even assuming defendant is a Tier I sex offender as defendant contends, does not end until approximately November 14, 2012. The Court, therefore, finds that the Indictment should not be dismissed on this basis.

The Indictment charges defendant with failure to register and update registration as a sex offender from on or about June 2008 through July 7, 2009. Defendant contends that he was not in Oklahoma from June 2008 through October 2008 and, thus, would not have had to register in Oklahoma even if he were under an obligation to register during that time. Defendant, however, does not contend that he was not in Oklahoma from November 2008 through July 7, 2009.

As a general rule, a district court may amend the dates in an indictment so long as the date is not an essential element of the offense charged. *United States v. Gammill*, 421 F.2d 185, 186 (10th

2

Cir. 1970).  Because the date is not an essential element of the offense charged in this case, the Court finds that any alteration of the dates of defendant's alleged offense is merely a technical amendment and, thus, any error in the dates alleged in the Indictment does not warrant dismissal of the Indictment.

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Dismiss [docket no. 18].

**IT IS SO ORDERED this 4th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE